IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JUSTIN LEONARD DICKSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN, FCI MEMPHIS, ) <br> ) <br> Respondent. ) | No. 2:25-cv-02479-MSN-cgc |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On May 1, 2025, Petitioner Justin Leonard Dickson, an inmate incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons ("BOP") register number 68344-018, filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 2.) On May 28, 2025, Petitioner paid the habeas filing fee. (ECF No. 5.) On July 8, 2025, the Warden filed Respondent's Motion to Dismiss Or, In The Alternative, Motion for Summary Judgment and Supporting Memorandum of Law. (ECF No. 12.) Petitioner has not filed a response to the Motion to Dismiss, and the time for doing so has expired. For the reasons stated below, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES** and **DISMISSES** the Petition.

BACKGROUND

On January 25, 2017, a grand jury in the United States District Court for the Middle District of Florida returned a one count indictment charging Petitioner with possession of a firearm by convicted felon, in violation of Title 18 U.S.C. § 922(g)(1) and 924(e)(1). (*See* Case No. 6:17-

CR-26 (M.D. Fla.), ECF No. 1.)  On February 9, 2017, the Court granted an order for a federal Writ of Habeas Corpus Ad Prosequendum to produce Petitioner, who was then incarcerated at a state correctional facility, before the federal court for an initial appearance and arraignment.  (*Id.*, ECF No. 9.)  In May 2017, Petitioner entered a guilty plea to the sole count in the indictment pursuant to a plea agreement.  (*See id.*, ECF Nos. 27 & 35.)  On November 21, 2017, Petitioner was sentenced to a 180-month term of imprisonment, to run concurrently with the prior undischarged terms of imprisonment in Orange County Circuit Court, Case No. 2012-CF-13829, and Seminole County Circuit Court, Case No. 2016-CF-819.  (*Id.*, ECF Nos. 54 & 55.)  Judgment was entered on December 1, 2017.  (*Id.*, ECF No. 55.)

## THE § 2241 PETITION

Petitioner challenges the BOP's sentence calculation and asserts that the BOP failed to apply two hundred eighty-eight (288) days of prior custody credit.  (ECF No. 2 at PageID 2.)  Petitioner alleges that he has completed the BOP's administrative remedy process and that the "final denial of relief renders this matter ripe for judicial intervention."  (*Id.* at PageID 4.)  Petitioner seeks the application of 288 days prior custody credit and a corrected sentence computation.  (*Id.*)

However, in the Motion to Dismiss, the Warden argues that Petitioner has not submitted an administrative remedy related to his sentence computation and has failed to exhaust his administrative remedies or show that the exhaustion would be futile.  (ECF No. 12 at PageID 18, 20, 23–27; *see also* ECF No. 12-1 at PageID 35.)  Alternatively, the Warden argues that the sentence calculation is correct.  (ECF No. 12 at PageID 27; *see* ECF No. 12-2.)

## ANALYSIS

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition after the inmate has exhausted his administrative remedies with the BOP. *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992); *see Hedges v. United States Marshals Serv.*, No. CV 5:22-294-DCR, 2022 WL 17177630, at *2 (E.D. Ky. Nov. 23, 2022) ("If a prisoner believes that his sentence is improperly computed because he has been unfairly denied credit toward the sentence imposed, he must pursue administrative review of that computation with the BOP prior to seeking habeas relief under § 2241.")

The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels. See generally 28 C.F.R. § 542.10, *et seq*.[1] The Sixth Circuit has consistently required exhaustion of administrative remedies before the filing of a § 2241 Petition. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006); *see Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit"), quoting *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002). However, a prisoner's failure

---

[1]After the inmate has attempted to resolve his matter of concern informally, an initial request is made to the Warden at the institutional level. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within 20 days of receiving the Warden's response. *See* 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C., within 30 days of receiving the Regional Director' s response. *Id.*

to exhaust may be excused where pursuing administrative remedies would be futile. See *Byrd v. Fed. Bureau of Prisons*, No. 21-5911, 2022 WL 898772, at *2 (6th Cir. Feb. 28, 2022).

Petitioner asserts that he has exhausted his administrative remedies. (ECF No. 1 at PageID 4.) However, the declaration of Robin Eads, a paralegal specialist for the BOP, states that Petitioner has filed one administrative remedy and that it did not address sentence computation. (*See* ECF No. 12-1 at PageID 32, 34–35.) Petitioner does not dispute Eads' declaration. Petitioner does not demonstrate that exhaustion would be futile. Petitioner's failure to exhaust administrative remedies is therefore not excused.

The Motion to Dismiss (ECF No. 12) is accordingly **GRANTED** for failure to exhaust administrative remedies.[2] The § 2241 Petition is **DENIED**. Judgment shall be entered for Respondent.

## APPELLATE ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition."); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that 28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

---

[2] Because the Court has determined that dismissal is appropriate based upon Petitioner's failure to exhaust his administrative remedies, the Court need not address the Warden's alternative arguments.

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner has not exhausted his administrative remedies, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED**, this 9th day of March, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE